**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| **James L. Roudabush, Jr.** : | | |
| : | CIV. ACTION NO. 15-4233(RMB) | |
| Plaintiff, : | | |
| : | | |
| : | | |
| v. : | **MEMORANDUM AND ORDER** | |
| : | | |
| : | | |
| Lt. McKool et al., : | **APPLIES TO BOTH ACTIONS** | |
| : | | |
| Defendants. : | | |
| _____ | | |
| **James L. Roudabush, Jr.** : | | |
| : | CIV. ACTION NO. 15-4234(RMB) | |
| Plaintiff, : | | |
| : | | |
| : | | |
| v. : | | |
| : | | |
| : | | |
| C. Dynan et al., : | | |
| : | | |
| Defendants. : | | |
| _____ | | |

**RENÉE MARIE BUMB**, U.S. District Judge

   These cases were transferred from the U.S. District Court, District of Columbia on June 23, 2015, without a determination of whether Plaintiff should be allowed to proceed without prepayment of fees (<u>in</u> <u>forma</u> <u>pauperis</u>). At the time the cases were transferred,

1

Plaintiff was incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. On June 30, 2015, this Court denied Plaintiff's IFP applications without prejudice and terminated these cases, allowing Plaintiff 30 days in which to correct the deficiencies in his IFP applications and reopen these matters.

Almost two months later, on August 28, 2015, Plaintiff filed a second IFP application in each case, together with a motion to file out of time. Before the date set for consideration of the motions to file out of time, Plaintiff appealed to the Third Circuit Court of Appeals this Court's orders denying his first IFP applications. On October 27, 2015, the Third Circuit dismissed the appeals for failure to timely prosecute because appellant failed to file a certified prison account statement and imminent danger motion.

This Court will now deny Plaintiff's motions to file out of time because the IFP applications Plaintiff submitted (ECF No. 9 in each matter) suffer from the same defects as his first IFP applications, they do not include a certified (signed by a prison official) inmate trust fund account statement. See 28 U.S.C. § 1915(a)(2) (prisoner must submit a *certified* copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint) (emphasis added).

THEREFORE, it is on this **21st** day of **January 2016**,

**ORDERED** that the Clerk of Court shall reopen these matters for disposition of Plaintiff's motions to file out of time; and it is further

**ORDERED** that Plaintiff's motions to file out of time (ECF No. 10, 15cv4233(RMB) and ECF No. 10, 15cv4234(RMB)) are DENIED; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Plaintiff by regular U.S. mail; and it is further

**ORDERED** that the Clerk of Court shall administratively terminate these matters, subject to reopening if, within thirty days of the date of this Order, Plaintiff renews his motions to file out of time and submits a properly completed IFP application in each matter, pursuant to 28 U.S.C. § 1915(a).


s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**